NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS LANGSTON, ) | No. C 10-02770 JF (PR) |
| Petitioner, ) | ORDER TO SHOW CAUSE |
| vs. ) | |
| RANDY GROUNDS, Warden, ) | |
| Respondent. ) | |

Petitioner, a California inmate currently incarcerated at the Correctional Training Facility in Soledad, proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. The Court orders Respondent to show cause why the petition should not be granted.

**STATEMENT**

Petitioner challenges a 2009 prison disciplinary hearing which resulted in a guilty finding of possession of a controlled substance, *i.e.*, heroin. Petitioner alleges that he exhausted state judicial remedies, with the California Supreme Court denying review on April 28, 2010.

Petitioner filed the instant federal petition on June 24, 2010.

## DISCUSSION

**A.  <u>Standard of Review</u>**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

**B.  <u>Petitioner's Claims</u>**

Petitioner challenges a prison disciplinary hearing on April 30, 2009, which found him guilty of possession of a controlled substance, *i.e.*, heroin.  As grounds for federal habeas relief, Petitioner claims that the guilty finding is not supported by "some evidence" and that his procedural due process rights were violated pursuant to <u>Superintendent v. Hill</u>, 475 U.S. 445, 454 (1985) and <u>Wolff v. McDonnell</u>, 481 U.S. 539, 558 (1974).  Liberally construed, Petitioner's claims are cognizable under § 2254.  The Court orders Respondent to show cause why the petition should not be granted.

## CONCLUSION

1. The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on the Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, **within sixty (60) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus

should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state parole record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent **within thirty (30) days** of that the answer is filed.

3. Alternatively, Respondent may, within **sixty (60) days** of the date this order is filed, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition **within thirty (30) days** of the date the motion is filed, and Respondent shall file with the court and serve on Petitioner a reply **within fifteen (15) days** of the date any opposition is filed.

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 1/18/11

JEREMY FOGEL
United States District Judge

Order to Show Cause
P:\PRO-SE\SJ.JF\HC.10\Langston02770_osc-rvr.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

FRANCIS LANGSTON,

        Petitioner,

  v.

RANDY GROUNDS, Warden,

        Respondent.

Case Number: CV10-02770 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   1/31/11  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Francis Langston C25563
Correctional Training Facility-Central
P.O. Box 689
G/314L
Soledad, CA 93960-0689

Dated:   1/31/11

                                            Richard W. Wieking, Clerk